**SOSENE ASIFOA and LEFOTU TUILESU, Appellants**

**v.**

**LUALEMANA E. FAOA, Appellee**

High Court of American Samoa
Appellate Division

AP No. 20-90

November 23, 1990

Before FONG*, Acting Associate Justice, KLEINFELD**, Acting Associate Justice, LOGOAI, Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Appellants, Charles V. Ala'ilima
For Appellees, Afoa L.S. Lutu

This case is before us on a motion for stay of judgment pending appeal. The merits of the appeal are not yet before us.

Judgment came down August 6, 1990, in a consolidated case, numbered below as LT No. 29-86, LT No. 41-86, and LT No. 12-87. The consolidated actions concern the ownership of over 400 acres of land on and around Mount Olotele, comprising the village of A'oloau Fou and its environs. The judgment in the trial division had the effect of evicting appellants from property which they have occupied for many years. They claim, and appellees do not deny, that they have substantial commercial and subsistence plantings on the land.

The trial court on August 10 amended its judgment to allow appellants thirty days in which to harvest their crops on the Lualemana track, and subsequently granted an additional stay of execution to November 15, so that the appellate division could consider the matter, but it denied a motion for stay pending appeal.

The applicable statute reads as follows:

Pending the hearing and determination of an appeal, execution of the final judgment or order of the High Court shall not be stayed unless the appellate, trial, or land and titles division, or Chief Justice, orders a stay for cause shown and upon such terms as it or he may fix.

A.S.C.A. § 43.0803.

---

\* Honorable Harold M. Fong, Senior Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

\** Honorable Andrew J. Kleinfeld, District Judge, United States District Court for the District of Alaska, serving by designation of the Secretary of the Interior.

The trial division did not find adequate "cause shown" for a longer stay, because the probability that the judgment would be vacated on appeal was not so high, or the hardship on the appellees so great, as to justify further delay in occupancy by the parties found to be entitled to the land.

The trial court, in accord with established authorities on stays pending appeal, drew an analogy to the four part test for preliminary injunctions: (1) likelihood that the appellant would prevail in the appeal, (2) irreparable harm to the appellant if a stay is not granted, (3) irreparable harm to appellees if a stay is granted, (4) whether the public interest would be affected by a stay. 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 62.05 (2d ed. 1985). The trial court determined that the appeal was largely on factual rather than legal grounds, so the probability of success on the merits was not great. The trial court found that appellants would suffer greater harm than appellees if they were required to comply with the trial court judgment, and then prevailed on appeal. If no stay issued, but the appellants prevailed, they would have to move off the land which they had occupied for a long time and then would move back on, after the appellate decision. The court also found, however, that the appellants had long been on notice that they should not be occupying the land and identified a public interest concern in avoiding the encouragement of appeals for purposes of delay.

The appeal is likely to focus on the adequacy of notice. This issue is in large part factual, so the trial court reasonably estimated the probability of success in the appeal as "less than fifty-fifty." The controlling statute provides:

> The findings of the trial, probate and land and titles
> division of the High Court may not be set aside by the
> appellate division unless clearly erroneous.

A.S.C.A. § 43.0801(b). The "clearly erroneous" standard does indeed generally compel the conclusion that an appeal on factual grounds is an uphill battle.

The notice issue in this case, however, does not appear to be frivolous or trivial. We do not think that the issue on appeal is one of such little weight that the appeal can be characterized as being taken merely for purposes of delay. We think that the trial court's comment, that a stay would "encourage the present litigants and others to prosecute appeals to no likely effect than delay," went to the fourth branch of the

102

test, public interest, rather than the first branch, probability of success on the merits. We agree with the trial court's concern, but it is not a conclusive policy consideration where the issue on appeal is legitimate.

The general principal of stays of injunctive relief and granting of injunctions pending appeal is preservation of the status quo pending appeal. 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 62.05 (2d ed. 1985). For example, the discretion of a United States District Court under Federal Rule of Civil Procedure 62(c) "is strictly limited to the preservation of the status quo pending appeal." *Id.* In the context of injunctions pending appeal, another treatise notes that injunctions to continue the status quo pending appeal may be desirable. 11 Wright & Miller, Federal Practice and Procedure § 2904.

Though the question is close, we have concluded that the trial division exceeded the proper boundaries of discretion in denying the stay pending appeal, and we have determined that the trial court's judgment should be stayed pending appeal. The importance of preserving the status quo pending appeal persuades us that a stay is appropriate. Rightly or wrongly, the appellants have occupied the land and engaged in agricultural pursuits upon it for many years. Appellees' stakes in occupancy are not very much affected by whether they obtain it this year or next year, but appellants' interests will be very greatly affected. Appellants' probability of success on the merits, while affected by the "clearly erroneous" standard, nevertheless is not so low as to outweigh the interest in avoiding irreparable harm to the appellants.

At oral argument, we were concerned with the possible need for posting security pending the stay, because appellees will be wrongfully deprived of the value of one year of agriculture on the land, if the judgment is affirmed. We have determined, however, not to require the posting of security. The statute does not require security. The briefs do not focus upon this issue. Security ordinarily has not been required for stays pending appeal in land disputes such as this one in the High Court. The trial division's opinion and order of August 6 noted the absence of sufficient evidence to estimate damages on related questions, and the trial division's October 23 opinion regarding the stay noted that the court had not been presented with evidence sufficient to assess the monetary difference between the costs of moving off the land and back on again if appellants prevail, and the costs of one year's wrongful deprivation if appellees prevail.

Accordingly, it is ordered that the stay of enforcement of the trial division's judgment is extended to November 30, 1991, or the rendering of a decision on the appeal, whichever comes first. The trial court has discretion to modify or supplement the terms of this stay, if in its judgment modification is needed to preserve the status quo and prevent waste.